UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEON CARIL, II,

               Plaintiff,

   v.

JOSHUA POISEL, et al. ,

               Defendant.

CASE NO. 2:23-cv-00906-DGE-BAT

**REPORT AND RECOMMENDATION**

      Plaintiff, Leon Caril, II, a detainee at the Washington State Penitentiary, filed a *pro se* prisoner civil rights complaint[1] naming as Defendants: Joshua Poisel, Department of Public Defense sentencing and resentencing counsel; Jared Steed, appeals counsel; James Daniels, Deputy Prosecuting Attorney; Adrienne McCoy, Deputy Prosecuting Attorney; Patrick Oishi, King County Superior Court Judge; Vincent Brunton, Seattle-King County Public Defender attorney; and Donna L. Wise, Deputy Prosecuting Attorney. Dkt. 5 at 3-4. The complaint alleges Defendants violated Plaintiff's rights for their roles in his King County Superior Court criminal conviction and sentence. As relief, Plaintiff seeks monetary damages and requests his criminal case be remanded. *Id.* at 10.

---

[1] Plaintiff has been granted permission to proceed *in forma pauperis*. Dkt. 4.

REPORT AND RECOMMENDATION - 1

Under 28 U.S.C. § 1915A(a), the Court must screen complaints filed by detainees and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court has reviewed the complaint and recommends **DISMISSING** the case because the named Defendants are immune from § 1983 liability, and the allegation that Defendants' actions led to Plaintiff's criminal prosecution, conviction and sentence is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court further recommends leave to amend be denied because amendment would be futile. *See e.g., Eggers v. U.S.*, 368 Fed. Appx 805 (9th Cir. 2010) (District court's dismissal of § 1983 claims as time-barred and without leave to amend upheld because further amendment would be futile).

## DISCUSSION

### A. The Complaint

Plaintiff filed a 422-page complaint that broadly alleges the named Defendants violated his rights for their roles in Plaintiff's King County criminal prosecution, conviction, and sentence. Count I alleges "Ineffective Assistance of Counsel." Dkt.5 at 5. Plaintiff alleges his rights were violated due to "continuing court appearances," and during the "original sentencing, appeals, resentencing and current appeals of resentencing." *Id.* at 6,

Count II alleges "constitutional right to a fair and speedy trial facing multiple court appearances for same offense." *Id. at 7*. Plaintiff contends he has 500 letters that support reductions in sentencing, and the jury in his trial appearances was not qualified. *Id.* at 7-8.

REPORT AND RECOMMENDATION - 2

1 | Plaintiff further contends the trial judge, Patrick Oishi made a mistake regarding a "double-
2 | jeopardy" ruling. *Id.* at 8.

3 | Count III alleges "Profiling and Discrimination" because Plaintiff's lawyers Jared Steed
4 | and Joshua Poisel did not release to Plaintiff paperwork on the grounds that Plaintiff failed to
5 | sign "release paperwork." *Id.* at 9.

6 | **B.    Legal Standards**

7 | To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted
8 | as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664
9 | (2009). The factual allegations must be "enough to raise a right to relief above the speculative
10 | level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be
11 | dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable
12 | legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

13 | To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of
14 | rights protected by the Constitution or created by federal statute, and (2) the violation was
15 | proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487
16 | U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the
17 | second prong, plaintiff must allege facts showing how individually named defendants caused or
18 | personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d
19 | 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory
20 | responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.
21 | 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the
22 | plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).
23 |

### C. Judicial Immunity

Plaintiff alleges King County Superior Court Judge Patrick Oishi violated his rights for the judge's role in the manner in which Plaintiff's trial and sentencing were conducted, the timeliness of his trial, and double jeopardy rulings the judge made. However, setting and conducting a state court criminal hearing are actions that fall within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985). Accordingly, no action lies against Judge Oishi for the manner in which he conducted Plaintiff's trial and sentencing and the rulings that he made in Plaintiff's case.

### D. Prosecutorial Immunity

Plaintiff also names as Defendants several King County Deputy Prosecuting Attorneys. He contends he was charged with crimes in a too severe manner, the prosecution was vindictive in the amount of prison time it sought, and that the state failed to prove "venue." *See e.g.* Dkt. 5 at 17-27. However, the Defendant Deputy Prosecuting Attorneys are entitled to prosecutorial immunity. Prosecutors are entitled to absolute immunity from liability for damages under 42

REPORT AND RECOMMENDATION - 4

U.S.C. § 1983 where the prosecutor "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir. 1986)).

Here, Plaintiff's allegations relate directly to the action the prosecuting attorney Defendants took in their roles in prosecuting Plaintiff; these Defendants are accordingly immune from plaintiff's claims for damages.

### E. Public Defender Defendants

Plaintiff alleges his public defenders provided ineffective assistance of counsel in violation of the Sixth Amendment. A public defender performing traditional lawyer functions is not a state actor that can be sued under § 1983. *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Plaintiff's allegations that his public defenders provided Plaintiff with poor representation are actions that are clearly traditional lawyer functions. The public defender Defendants therefore cannot be considered to be state actors who can be sued under § 1983, and the claims against them should be dismissed.

### F. Heck Bar

Plaintiff's complaint alleges the Defendants violated his rights in connection with his prosecution and conviction in King County Case Number 17-1-04489-6. *See* Dkt. 5 at 29. A civil

1  rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would
2  necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be
3  dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been
4  invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a
5  criminal conviction arising out of the same facts stands and is fundamentally inconsistent with
6  the unlawful behavior for which section 1983 damages are sought, the 1983 action must be
7  dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).  The § 1983 action "is barred
8  (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter
9  the target of the prisoner's suit (state conduct leading to conviction or internal prison
10 proceedings) -- if success in that action would necessarily demonstrate the invalidity of
11 confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).
12      Here, Plaintiff alleges Defendants' actions violated his rights in connection to the criminal
13 conviction Plaintiff is now serving at the state penitentiary in Walla Walla. Plaintiff cannot
14 pursue a § 1983 action unless his conviction or convictions have been reversed or vacated.
15 Plaintiff does not contend his criminal conviction and sentence have been vacated and instead,
16 asks the Court to "remand" his criminal case. The Court also takes judicial notice that the
17 Washington Court of Appeals affirmed Plaintiff's conviction and remanded for resentencing in
18 *State v. Caril*, 23 Wn.App. 416 (Div. I. 2022), and the Washington Supreme Court denied review
19 of this decision in *State v. Caril*, 200 Wn.2d 1025 (2023). Plaintiff also attached to his complaint
20 portions of a judgment entered ostensibly at the resentencing the Court of Appeals ordered dated
21 April 7, 2023. Dkt.5 at 29. The claims alleged against Defendants are according barred under
22 *Heck* and should be dismissed.
23

**CONCLUSION**

For the foregoing reasons, the Court recommends the complaint be dismissed with prejudice. The complaint alleges Defendants violated Plaintiff's rights for their roles in Plaintiff's state criminal charges, conviction and sentencing. Each named Defendant is either immune or is not a state actor for purposes of a § 1983 law claim. Additionally, the allegations would undermine Plaintiff's conviction and sentence and thus are barred under *Heck*.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Any objections must be filed no later than **July 5, 2023.** The Clerk should note the matter for **July 7, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 20th day of June, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge